**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| **Michelle H.,**[1] | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | **No. 23 C 03222** | |
| **v.** | ) | | |
| | ) | **Magistrate Judge Laura K. McNally** | |
| **Frank Bisignano,** | ) | | |
| **Commissioner of Social Security,**[2] | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

**ORDER**[3]

Before the Court are Plaintiff Michelle H.'s brief in support of reversing the

decision of the Commissioner of Social Security (Dkt. 12: Brief in Supp. of Rev. Decision

of Comm. of Soc. Sec. "Pl. Br."), Defendant's response to Plaintiff's motion for summary

judgment (Dkt. 19: Def. Resp. to Pl.'s Mot. for Summ. J., "Def. Resp."), and Plaintiff's

reply (Dkt. 23: Plaintiff's Reply Brief, "Pl. Reply").

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court.

[2] The Court substitutes Frank Bisignano for his predecessor(s) as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On July 11, 2023, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (Dkt. 7.)

## I.    Procedural History

Plaintiff applied for disability insurance benefits on April 7, 2020, alleging disability from February 1, 2019. (R. 23, 184-85.) Plaintiff's claim was initially denied on September 3, 2020 (R. 80-91) and upon reconsideration on December 15, 2021. (R. 93-100.) Plaintiff appeared with counsel at a telephonic hearing on July 21, 2022. (R. 41-78.) On September 6, 2022, the ALJ issued a decision finding Plaintiff not disabled. (R. 20-40.) Plaintiff sought the review of the Appeals Council and on March 23, 2023, the Appeals Council issued a decision finding Plaintiff not disabled. (R. 1-7). The Appeals Council largely adopted the findings of the ALJ, and its decision became the final decision of the Commissioner. (*Id.*) *See* 20 C.F.R. § 404.981. After considering the briefs and evidence, the Court grants Plaintiff's request for remand and denies Defendant's response.

## II.    ALJ and Appeals Council Decisions

The ALJ applied the Social Security Administration's five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2019. (R. 26.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of depression and bipolar disorders, as well as anxiety and related disorders. (*Id.*) Because Plaintiff's severe impairments are mental impairments, the ALJ evaluated their severity against the four "Paragraph B" functional areas as required in the regulations.

2

The ALJ concluded that Plaintiff had mild limitations in understanding, remembering, or applying information as well as in adapting or managing oneself. (R. 29-30.) She found that Plaintiff had moderate limitations in interacting with others as well as in concentrating, persisting, or maintaining pace. (*Id.*) Accordingly, the ALJ found that none of Plaintiff's impairments met or equaled a Listing at Step Three. (R. 29.)

Before Step Four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work but "retains the ability to perform at least simple and routine work with only occasional interaction with coworkers and supervisors and no sustained interaction with the public." (R. 30.)

At Step Four, the ALJ found that Plaintiff was capable of performing her past relevant work of screen printer and production manager. (R. 35.) As a result, the ALJ found that Plaintiff was not disabled. (R. 36.)

The Appeals Council subsequently reviewed the ALJ's decision and on March 23, 2023, issued its own decision finding Plaintiff not disabled. (R. 1-7). The Appeals Council largely adopted the findings of the ALJ but modified the findings at Step Four of the sequential evaluation to find that Plaintiff was capable of performing her past relevant work as an order picker. (R. 5-6.) The Appeals Council decision, including its adoption of most of the ALJ's findings, became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.955(a), 404.979, 404.981.

3

### III.    Legal Standard

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

To determine whether a plaintiff is disabled, the ALJ considers the following five questions, known as "steps," in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 404.1520(a)(4).

An affirmative answer at either Step Three or Step Five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step other than at Step Three precludes a finding of disability. (*Id.*) The plaintiff bears the burden of proof at Steps One to Four. (*Id.*) Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work that exists in significant numbers in the national economy. (*Id.*)

4

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022). An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." (*Id*.) As the Seventh Circuit stated, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

"All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." (*Id*. at 1054). The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" (*Id*.) (citation omitted). The Seventh Circuit has further clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The

5

district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

## IV.    Analysis

Plaintiff argues that the case must be remanded because the ALJ did not support with substantial evidence her mental RFC finding that Plaintiff was capable of performing at least simple, routine work. (Pl. Mem. 8-12.)[4] Specifically, she contends that the RFC's limitation to simple, routine work does not properly account for her moderate limitations in concentration, persistence, or pace. The Court agrees, and thus must remand the case.[5]

When evaluating Plaintiff's ability to concentrate, persist, or maintain pace, the ALJ noted that Plaintiff reported her anxiety made it difficult for her to focus and that she did not finish tasks she started. (R. 30, *citing* R. 225-32.)  Plaintiff reported attention issues to her psychiatrist, Desiree Rahman, M.D., who discussed with Plaintiff that the issue was likely due to akathisia (inability to remain still) and decreased her medication to address the problem. (R. 30, *citing* R. 793, 795). The ALJ also observed that Plaintiff's

---

[4] Plaintiff also contends that the ALJ failed to properly evaluate treatment provider opinions and the third-party statements by Plaintiff's husband (Pl. Mem. 4-8, 12-14.) Because the Court is remanding on the mental RFC issue, it does not reach Plaintiff's other assignments of error.
[5] Plaintiff does not argue that the ALJ erred in evaluating her moderate limitations interacting with others.

mental status examinations consistently showed that she was alert and the record did

not have evidence that she needed to be redirected by her medical providers. (R. 30,

*citing* R. 721-62, 791-802.)

In determining Plaintiff's mental RFC, the ALJ found persuasive the prior

administrative medical findings of the state agency reviewing psychologists. (R. 35).

The reviewing psychologists, Melanie Nichols, Ph.D. and Donna Galassi-Hudspeth,

Psy.D., assessed that Plaintiff had moderate limitations in the functional areas of

concentration, persistence, or pace and social interaction. (R. 85-88, 96-98.) They further

assessed that Plaintiff was "capable of performing at least 2-3 step tasks" with an

additional social interaction limitation that Dr. Gassali-Hudspeth specified as a "work

setting with limited interpersonal contact." (*Id.*) Dr. Gassali-Hudspeth also assessed that

Plaintiff could "make work decisions and negotiate to get to work settings." (R. 98).

The ALJ stated that the prior administrative medical findings were supported by

and consistent with the hearing level evidence. (R. 35). Despite finding the prior

administrative medical findings persuasive, the ALJ did not adopt their limitation as

written. Instead, for Plaintiff's mental RFC, the ALJ found that Plaintiff retained "the

ability to perform at least simple and routine work with only occasional interaction with

coworkers and supervisors and no sustained interaction with the public." (R. 30). The

ALJ justified the changes by stating that she "provided more specificity to work

interactions." (R. 35).

7

Plaintiff argues that the RFC limitation for simple work does not account for Plaintiff's moderate limitation in concentration, persistence, or pace. (Pl. Mem. 8-9). Plaintiff frames her argument as the ALJ erring in the analysis of Plaintiff's mental symptoms and this argument in part impermissibly asks this Court to reweigh evidence the ALJ considered in her discussion of the evidence. (R. 31-34). This Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted). In her argument though, Plaintiff raises the issue that "an individual's ability to perform simple work is distinct from her ability to maintain the requisite focus to tasks for an extended period." (Pl. Mem. 9, *citing Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618, 620 (7th Cir. 2010) ("The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity.").

The Seventh Circuit has rejected RFCs where concentration, persistence, or pace limitations fail to address the claimant's ability to sustain work. Notably, in *Keck v. O'Malley*, No. 22-1716, 2024 WL 3935441, at *1-*3 (7th Cir. Aug. 24, 2024), the Seventh Circuit reasoned that limiting a claimant to "simple, routine work involving simple instructions, simple decision-making, no multitasking, and an average, nonvariable pace" was insufficient to address durational aspects of a moderate concentration,

8

persistence, or pace limitation. The Seventh Circuit also noted that "[w]e have repeatedly stated that an RFC does not account for CPP limitations when it limits a claimant to certain kinds of work without addressing the claimant's ability to sustain that work." (*Id.* at \*2) (*citing Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021); *Martin v. Saul*, 950 F.3d 369, 374–75 (7th Cir. 2020); *Decamp v. Berryhill*, 916 F.3d 671, 675–76 (7th Cir. 2019). *See also Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("Merely limiting [claimant] to simple, routine, and repetitive tasks with few workplace changes was not enough to address her limitations and ensure that she could maintain the concentration and effort necessary to function in a workplace and otherwise sustain employment."). The Seventh Circuit also emphasized in *Crump* that "observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." (*Id.* at 570).

Here, the ALJ relied on the prior administrative medical findings in determining Plaintiff's mental RFC. (R. 35). *See Morrison v. Saul*, 806 F. App'x 469, 474 (7th Cir. 2020) (relying on a doctor's opinion "is a permissible way of 'translating' medical evidence into work-related restrictions.") In doing so, the ALJ appeared to translate the opined limitation of Plaintiff being capable of at least 2-3 step tasks into a limitation for "at least simple and routine work[.]" (R. 30). Defendant argues that this reliance of the prior administrative medical findings provided sufficient support for the mental RFC (Def.

Resp. 8-12), but the ALJ did not provide any analysis or explanation for the translation of this limitation or how the mental RFC accommodated Plaintiff's moderate limitation in concentration, persistence, or pace. The only explanation she gave for the changes she made to the state agency doctors' opinions concerned Plaintiff's ability to interact with others. (R. 35).

The ALJ did not provide any consideration for a durational aspect of Plaintiff's concentration, persistence or pace limitations. This lack of consideration and explanation for the mental RFC more generally is accentuated by the fact that the ALJ relied on prior administrative medical findings that indicated Plaintiff was moderately limited in her "ability to maintain attention and concentration for extended periods[.]" (R. 98). Further, Plaintiff has alleged additional limitations related to her concentration issues, including time-off task. (Pl. Mem. 11). The record also includes mental status exams that documented Plaintiff having tangential and disorganized thought process, loosening of associations, flight of ideas, and preoccupations or ruminations. (R. 732, 749). Ultimately, the lack of explanation for Plaintiff's concentration, persistence, or pace limitations and failure to consider the durational aspect of the limitations, inhibits this Court's review for substantial evidence and requires remand.

In the Seventh Circuit, ALJs are not required to substantiate every point they make but they must provide a minimal articulation that allows this Court to follow the ALJ's reasoning for meaningful appellate review. *Warnell v. O'Malley*, 97 F.4th 1050,

10

1053 (7th Cir. 2024); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003),

citing *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Here, the Court lacks the

minimal articulation necessary to follow why the ALJ found simple routine work

limitations sufficient to account for Plaintiff's moderate limitations in concentration,

persistence, or pace. Thus, the Court agrees with Plaintiff that the ALJ did not support

Plaintiff's mental RFC determination with substantial evidence.

Therefore, the Court finds that the ALJ did not support her mental RFC finding

with substantial evidence.

## CONCLUSION

For the reasons explained above, the Court grants Plaintiff's request for remand

(Dkt. 12) and denies Defendant's response in opposition. (Dkt. 19.)


**SO ORDERED.**



**ENTER:**



_____

**LAURA K. MCNALLY**
**United States Magistrate Judge**



**DATED: February 24, 2026**


11